**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

IN RE:

RAYMOND CURTIS SMITH                                          CASE NO. 05-62532

R. EDWARD MCGHEE                                                      PLAINTIFF

VS.                                                                   ADVERSARY NO. 05-6104

RAYMOND CURTIS SMITH                                                  DEFENDANT

### MEMORANDUM OPINION

This matter comes before the court on the Plaintiff R. Edward McGhee's Motion for Summary Judgment (Doc. 7) which requests a determination that the judgment debt owed to him by the Debtor Raymond Curtis Smith ("Debtor") is not dischargeable in bankruptcy pursuant to sections 523(a)(2), (a)(4) and (a)(6) of the Bankruptcy Code. The Plaintiff argues that he is entitled to summary judgment based on principles of collateral estoppel and that this court is bound by the Findings of Fact, Conclusions of Law and Judgment of the Fayette Circuit Court entered against the Debtor on March 10, 2006, in ***R. Edward McGhee and MEGA Corporation v. Road & Rock Contractors, LLC, Raymond C. Smith and Rick Moses***, Civ. Action No. 98-CI-3468. The Court has reviewed McGhee's motion and memorandum in support; the Debtor's

1

response (Doc. 15) thereto; McGhee's reply (Doc. 17) and supplemental briefs of both parties in support of and in opposition to said motion (Docs. 42, 43);as well as arguments of counsel made at the hearing on the motion. Accordingly, for the reasons set forth below, the court finds that McGhee's motion should be sustained. The court begins with a review of the pertinent facts, all as found by the Fayette Circuit Court.

McGhee, with the Debtor and a third individual, Rick Moses ("Moses"), formed Road & Rock Contractors, LLC on June 14, 1996 for the purpose of performing highway work, primarily in Tennessee. McGhee's contribution to the new company was to arrange for a line of credit, make personal loans to the company and to personally guarantee certain company debts. McGhee's personal financial statement and guarantees enabled Road & Rock to obtain a line of credit and certain performance bonds required to operate in the road contracting business. The state court findings are not clear as to the precise nature of Smith's contributions to the company.

The state court found that, under Road & Rock's Operating Agreement, only McGhee, as the managing member, had authority to open and maintain bank accounts for the company. Nevertheless, the state court found that the Debtor and Moses conspired to take possession and control of company assets and diverted the company's cash receipts to bank accounts that were not authorized by the company or McGhee as managing member. In May, 1998, the Debtor and Moses opened a secret bank account at First State Bank, Jacksboro, Tennessee, and deposited into the account $252,006.28 paid to Road & Rock for a company project. The Debtor and Moses ultimately deposited an additional $70,566.76 in the Tennessee bank account, deliberately left McGhee's name off of the signature card for the bank account and

used a post office box rented by Moses in Williamsburg, Kentucky as the company address in an effort to keep the existence of the account secret from McGhee. It is not clear from the state court findings what the funds in the First State Bank account were used for, although the state court found that all subsequent receivables for the company were deposited in the bank account. Thereafter, the Debtor and Moses used company funds to open a second secret account with First Bank of East Tennessee, LaFollette, Tennessee, and transferred to that account the sum of $150,000.00. Both the Debtor and Moses wrote checks on the account, payable to themselves, in the amounts of $100,000.00 solely to the Debtor and $49,000.00 to both Debtor and Moses.

Road & Rock's Operating Agreement also provided that the managing member could not be removed without the affirmative vote of a majority in interest of the members, and "only if all debts of the Company [had] first been satisfied." *See* Operating Agreement, paragraph 8, filed of record as Exhibit A to Plaintiff's Notice of Filing of Exhibits to Complaint to Determined Dischargeability of Debt (Doc. 6). On June 12, 1998, the state court found that the Debtor and Moses attempted to improperly remove McGhee as the managing member, using a false pretense that, under McGhee's management, Road & Rock failed to pay its bills in a timely manner. The Debtor and Moses approved a resolution by which McGhee was removed as, and the Debtor was then named, managing member. McGhee refused to step down, as it was undisputed that Road & Rock was not debt-free as of June 12, 1998. The state court found that, in retaliation, the Debtor and Moses refused to provide McGhee with the company financial information, excluded him from company operations and

prevented him from performing his responsibilities as managing member.

The state court further found that on July 10, 1998, the Debtor and Moses issued a "Quit Option Notice" to McGee, setting the value of his membership interest at $125,000.00 and giving him three (3) days within which to elect to buy their shares of the company or sell his shares to them. The court found that the offer to buy McGhee's share of the company was with company funds, with the effect of being an offer to purchase his share with his own money. McGhee rejected the proposed Quit Option Notice by letter of July 13, 1998, questioned the Debtor and Moses regarding their unauthorized practices and demanded a full accounting and valuation of the company within thirty (30) days.

On July 15, 1998, the Debtor and Moses, individually and as members of Road & Rock, filed suit in Whitley County Circuit Court against McGhee, both in his individual capacity and as a company member, seeking a temporary injunction and restraining order to compel McGhee to turn over certain documents and preclude him from contact with the company or its vendors. The action was ultimately transferred to Fayette Circuit Court due to improper venue in Whitley County, whereupon McGhee filed an answer and counterclaim seeking, among other requested relief, damages from the Debtor and Moses for breach of fiduciary duty, breach of contract, negligence, fraud and tortious interference. On November 9, 1998, the Fayette Circuit Court dissolved the temporary restraining order issued by the Whitley Circuit court and denied the Debtor's and Moses' motion for a temporary injunction.

McGhee's motion for summary judgment filed on December 1, 2004 in the Fayette Circuit Court, and submitted of record herein as Exhibit B to McGhee's Notice

of Filing of Exhibits (Doc. 6), outlines nearly six years of failure on the part of the Debtor and Moses to cooperate with discovery efforts and orders of the state court regarding discovery and appearance at pre-trial conferences. Ultimately, the state court dissolved the temporary restraining order issued in the Whitley Circuit Court and denied the Debtor's and Moses' motion for a temporary injunction. After considering expert deposition testimony regarding damages suffered by McGhee, the state court granted summary judgment in McGhee's favor on January 12, 2005. On September 21, 2005, the state court entered an order realigning the parties so that McGhee's name was set forth as Plaintiff and the Debtor and Moses were shown in the style of the case as Defendants. The state court entered its Findings of Fact, Conclusions of Law and Judgment as to Moses on November 21, 2005, having been precluded from entering same against the Debtor due to his Chapter 7 filing in this court on October 13, 2005. Upon obtaining relief from the automatic stay on March 10, 2006, the state court entered its Findings of Fact, Conclusions of Law and Judgment as to the Debtor on March 14, 2006.

    According to the state court's findings, which were based on testimony and review of materials setting forth the company's historical profits, McGhee suffered lost profits and unpaid management fees in the sum of $393,884 as a result of the actions of the Debtor and Moses. Because McGhee collected a portion of his damages from funds held in escrow and from a company account frozen as a result of the litigation after judgment was entered against Moses, McGhee was awarded judgment for compensatory damages against the Debtor in the amount of $290,018.79. The state court further found that the evidence showed that the Debtor acted toward McGhee with

5

fraud, oppression and malice under the standard set forth in **Sand Hill Energy, Inc. V. Smith,** 142 S.W.3d 153 (Ky. 2004), pointing specifically to the secret bank accounts and deposits of company money in said accounts by the Debtor, as well as Debtor's role in devising a scheme to remove McGhee as managing member to reap all the company's profits. Accordingly, the state court determined that punitive damages should be awarded against the Debtor in the amount of his share of the then-present value of Road & Rock, or $379,000.00.

McGhee filed this adversary proceeding to determine the dischargeability of the judgment owed him by the Debtor on December 16, 2005 and moved for summary judgment on February 2, 2006. After the stay was lifted and the state court's final judgment was entered, along with its findings of fact and conclusions of law, the parties were permitted to supplement the record with additional authorities to address the issues pending summary judgment. Counsel made oral arguments on the matter and it was submitted for this court's decision. The court has jurisdiction of this matter pursuant to 28 U.S.C. 1334(b); it is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I).

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by BR 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." McGhee asserts that summary judgment is appropriate as the final judgment on the merits in the state court proceeding has already determined that the Debtor's actions as to McGhee and Road &

6

Rock LLC satisfy the requirements of sections 523(a)(2), (a)(4) or (a)(6) and that the judgment debt in questions is not dischargeable in bankruptcy as a matter of law. The Debtor, on the other hand, disputes that collateral estoppel should apply and further maintains that since issues of material fact remain, the matter is not ripe for summary disposition. The court is persuaded that the issues as determined by the state court are binding on this court under principles of collateral estoppel, at least with respect to application of section 523(a)(6), and that McGhee is entitled to judgment on that count of his complaint as a matter of law. The court does not address the merits of McGhee's motion as to sections 523(a)(2) and (a)(4) as the entirety of the judgment debt is not dischargeable under 523(a)(6) and application of additional sections of 523 is not necessary.

The doctrine of collateral estoppel "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." **Sanders Confectionery Products, Inc. V. Heller Financial, Inc.,** 973 F.2d 474, 480 (6th Cir. 1992). Collateral estoppel will apply where (1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated in state court. **In re Markowitz**, 190 F.3d 455, 461 (6th Cir. 1999). Under Kentucky law, collateral estoppel, or issue preclusion, is part of the concept of res judicata and serves to prevent parties from relitigating issues necessarily determined in a prior proceeding. **Moore v. Commonwealth**, 954 S.W.2d 317, 319 (Ky. 1997), citing **Gregory v. Commonwealth,** 610 S.W.2d 598, 600 (1980).

The elements of collateral estoppel as applied under Kentucky law are as follows: (1) identity of issues; (2) a final decision or judgment on the merits; (3) a necessary issue with the estopped party given a full and fair opportunity to litigate; and (4) a prior losing litigant. **Moore**, *id.* The only element raised as a possible block to applying collateral estoppel is the first, identity of issues.

The Debtor argues that the Fayette Circuit Court's determination that he acted toward McGhee "with fraud, oppression and malice" was made under standards different from what this court must consider to find a debt nondischargeable under 523(a)(6). While the Debtor is correct that section 523(a)(6) requires a finding that the debt sought to be exempted from discharge must arise from an injury which was both willful and malicious, his argument as applied to the state court's findings and conclusions of law is not persuasive. Even construed narrowly in favor of the Debtor, as this court is obligated to do, *see* **Meyers v. I.R.S. (In re Meyers),** 196 F.3d 622 (6th Cir. 1999), the state court determination of the facts and issues in that proceeding is sufficient to satisfy the requirement of identity of issues so that collateral estoppel applies to and controls the court's analysis under section 523(a)(6).

The Bankruptcy Code provides that an individual debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. 523(a)(6). From the plain language of the statute, the judgment must be for an injury that is both willful and malicious, as averred by the Debtor. *See* **Markowitz,** 190 F.3d at 463. Under the dictates of the Supreme Court in **Kawaauhau v. Geiger**, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998), in

order for a debt to be nondischargeable under 523(a)(6), there must be "a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." Emphasis original. In **Markowitz,** supra, the Sixth Circuit analyzed the application of 523(a)(6) following the **Geiger** decision, stating in pertinent part:

> unless "the actor desires to cause the consequences of his act,...or believes that the consequences are substantially certain to result from it," he has not committed a "willful and malicious injury" as defined under [section] 523(a)(6).

*Markowitz*, 190 F.3d at 464 (citations omitted).

After considering the deposition testimony of McGhee and the Debtor, the state court found as follows:

> The Court is further satisfied by the evidence that Smith acted toward McGhee with fraud, oppression and malice. *See* **Sand Hill Energy, Inc. V. Smith**, 142 S.W.3d 153 (Ky. 2004). Specifically, Smith opened secret bank accounts and deposited funds paid to Road & Rock in those accounts. Smith also concocted a scheme to remove McGhee as managing member in order to reap all of Road & Rock's profits. In determining the award for punitive damages, the Court has considered the following factors:
>
> (a)   The likelihood at the time of such misconduct by Smith that serious harm would arise from it;
> (b)   The degree of Smith's awareness of that likelihood;
> (c)   The profitability of the misconduct of Smith;
> (d)   The duration of the misconduct and any concealment of it by Smith; and
> (e)   Any actions by Smith to remedy the misconduct once it became known.

Findings of Fact, Conclusions of Law and Judgment, **R. Edward McGhee and Mega Corporation v. Road & Rock Contractors, LLC, Raymond C. Smith and Rick Moses,** Civ. Action No. 98-CI-3468, at page 8. It is evident that, from those specific findings, the state court found the Debtor intended to deprive McGhee of the profits of

9

their shared company by diverting the money to a secret bank account to which McGhee did not have access. At a minimum, the Debtor would have realized that financial harm to McGhee was a substantially certain result of his actions.

The Sixth Circuit Bankruptcy Appellate Panel recently acknowledged that the "willful and malicious" standard in section 523(a)(6) brings to the legal mind the idea of an intentional tort. *In re Trantham,* 304 B.R. 298 (6th Cir. BAP 2004). *Trantham* involved a claim of nondischargeability under section 523(a)(6) in which the debtor had been found guilty of wrongful patent infringement. The BAP reasoned that where the debtor Trantham sought to enrich himself by avoiding payment of patent fees and then tried to conceal the fact of the infringement, Trantham must have known and believed that economic damage to the patent holder was substantially certain to result, because his enrichment must necessarily come at the patent holder's expense. *Id.,* at 307. The concealment only served to strengthen the perception that Trantham believed the patent holder must have been damaged and would pursue him if the damage came to light. *Id.* The same reasoning applies in this case. The Debtor argues that his act is not in the nature of an intentional tort, yet his efforts to improperly remove McGhee from the position of managing member and to divert company funds into secret accounts to which McGhee had no access belies that position. Under the standards of *Markowitz* and *Trantham*, the findings of the state court collaterally estopp this court from finding that the injury caused to McGhee by the Debtor was something other than "willful."

The Debtor further claims that the required showing of malice is not satisfied where, as he asserts, he did not act without just cause or excuse. Although he

apparently has not appealed the Findings of Fact, Conclusions of Law and Judgment of the Fayette Circuit Court, the Debtor states that he had just cause to open the secret bank accounts, as he was carrying out his duties as the recently appointed managing member to pay company debt. His affidavit purports to establish that the money diverted to the secret accounts was used to either pay outstanding company debt or to reimburse reasonable expenses of company members. Unfortunately, his argument is both tardy and misplaced. The Debtor's opportunity to make such an argument was either prior to the state court's final determination on the merits or afterward, in a direct appeal in the state action. As the state court expressly defined the Debtor's actions toward McGhee as "misconduct" and "fraud, oppression and malice," this court is precluded from finding that he acted with "just cause or excuse", as is required by ***Trantham,*** supra. Under section 523(a)(6), "malicious" means "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." ***Trantham***, 304 B.R. at 308. Accordingly, the court finds that the prior Findings of Fact, Conclusions of Law and Judgment of the Fayette Circuit Court preclude the Debtor from relitigating in this court whether or not the debt owed by him to McGhee arose from conduct satisfying the required elements of section 523(a)(6).

Because the state court's examination of the debtor's conduct for purposes of the punitive damages claim focused on the same misconduct which the court found led to McGhee's entitlement to compensatory damages for lost profits, the entirety of the debt owed under the state court judgment must be deemed not dischargeable in bankruptcy. Punitive damages and compensatory damages are treated the same for purposes of a nondischargeability claim when they arise from the same willful and

11

malicious conduct of the Debtor. See ***The Spring Works, Inc. V. Sarff (In re Sarff)***, 242 B.R. 620 (6th Cir. BAP 2000); ***Abbo v. Rossi, McCreery & Associates (In re Abbo)***, 168 F.3d 930 (6th Cir. 1999).

Accordingly, for the reasons set forth above, the Plaintiff's Motion for Summary Judgment is sustained. A separate Order implementing this Memorandum Opinion will be entered herewith.

Copies to:

Hugh M. Richards, Esq.
Seth J. Johnson, Esq.
James R. Westenhoefer, Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Thursday, May 04, 2006**
**(jms)**